## CIRCUIT COURT OF CHESTERFIELD COUNTY

Commonwealth
Transportation
Commissioner

v.

Wee Folks Nursery, Inc.

January 4, 1996

Case No. CL88-162

BY JUDGE MELVIN R. HUGHES, JR.

There are two issues to be resolved on the retrial of this condemnation proceeding. First, there is the question of whether, in light of the enactment of §§ 25-46.20:1 through 25-46.20:5 in 1991 and the later applicability of these statutes to Chesterfield County as of July 1, 1993, the commissioners for the case should be drawn from the jury list or from lists of "freeholders" as proposed commissioners submitted by the parties pursuant to § 25-46.20. Second, there is the issue of whether the testimony of Melvin Burnett, now deceased, and who testified in the first trial, is admissible in the retrial.

The first trial occurred on June 24, 1993, and concluded with a report by the commissioners' fixing the just compensation of the take. Acting on a motion by the Commissioner of Transportation, the court set aside the commissioner's report on the ground that the amount set was excessive and ordered a new trial. At the first hearing the parties submitted their respective nominees for the commission to determine just compensation pursuant to § 25-46.80 and a panel of nine proposed commissioners was summoned. From that panel the case proceeded with a commission of five persons after the parties made their strikes pursuant to § 25-46.20. Since

the original trial the Legislature has made § 25-46.20:1 through § 25-46.20:5 applicable to Chesterfield County as of July 1, 1993. In effect these statutes require that where the Commonwealth Transportation Commissioner is the condemnor, as here, the condemnation commissioners shall be derived from the jury list maintained by the jury commissioners.

The landowner takes the position that the retrial is a continuation of the same case already tried under the regular procedure reserved for condemnation cases where the selection of the commissioners is made by the court from lists of proposed commissioners submitted by the parties pursuant to § 25-46.20. The condemnor takes the position that the sections now in place requiring selection of the commissioners from a list of jurors are procedural to which the landowner has no vested right. The court agrees with the condemnor.

The court has the view that under established principles, the law in force at the time these proceedings began, while continuing to obtain throughout, does not include adherence to a part that does not affect the parties' substantive rights. The issue and right to just compensation remains. Only the manner by which the commissioners will be selected to determine that right has changed.

Turning to the question of the admissibility of Melvin Burnett's prior testimony, the court agrees with landowner. Prior testimony is admissible where the court is satisfied:

> (1) that the party against whom the evidence is offered, or his privy, was a party in the former trial; (2) that the issue is substantially the same in the two cases; (3) that the witness who proposes to testify to the former evidence is able to state it with satisfactory correctness; and (4) that a sufficient reason is shown why the original witness is not produced.

*Gray v. Graham*, 231 Va. 1, 5 (1986).

*Director General v. Gordon*, 134 Va. 381 (1922), a case on which the court relied in approving the admission of prior testimony in *Gray*, involved testimony given at a prior trial of the same civil action, the same as here. Although the court did not permit the prior testimony in *Director General*, the court recognized that prior testimony is admissible as an exception to the hearsay rule when the above cited conditions are met. The court finds all the criteria are met in this instance.

Based on these rulings the retrial will proceed accordingly.